In The

Court of Appeals

For The

First District of Texas

____________


NOS. 01-02-00248-CR

 01-02-00249-CR

____________


AGUSTIN MOYA RUBALCAVA, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 208th District Court

Harris County, Texas

Trial Court Cause Nos. 891245 and 891894






O P I N I O N

 Appellant pleaded guilty to aggravated sexual assault and tampering with
a governmental record. In accordance with a plea bargain agreement with the State,
he was sentenced to confinement for 10 years in the former and five years in the
latter. Appellant filed a timely pro se notice of appeal in each case. We dismiss the
appeals for lack of jurisdiction.

 Appellant filed a general notice of appeal in each case that did not comply
with the requirements of Rule 25.2(b)(3) of the Texas Rules of Appellate Procedure
in that it did not state that the appeal was for a jurisdictional defect, that the substance
of the appeal was raised by written motion and ruled on before trial, or that the trial
court granted permission to appeal. See Tex. R. App. P. 25.2(b)(3). Appellant may
not now file an amended notice of appeal to correct jurisdictional defects. State v.
Riewe, 13 S.W.3d 408, 413-14 (Tex. Crim. App. 2000).

 The Court of Criminal Appeals has held that, in felony cases such as the
present ones in which: (1) the defendant entered a plea of guilty or no contest based
on a plea bargain agreement; (2) the trial court followed the agreement in assessing
punishment; and (3) a general notice of appeal was filed, an appellate court is without
jurisdiction. White v. State, 61 S.W.3d 424, 429 (Tex. Crim. App. 2001); Cooper v.
State, 45 S.W.3d 77, 83 (Tex. Crim. App. 2001). 

 We also note that appellant waived his right to appeal in each case if the
trial court followed the plea bargain agreement. See Buck v. State, 45 S.W.3d 275,
278 (Tex. App.--Houston [1st Dist.] 2001, no pet.).

 Accordingly, we dismiss the appeals for lack of jurisdiction.

PER CURIAM


Panel consists of Chief Justice Schneider, and Justices Taft and Radack.

Do not publish. Tex. R. App. P. 47.