In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-05-00644-CR
____________

JOHNNY RAY WALL, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 248th District Court 
Harris County, Texas
Trial Court Cause No. 1011545 



 
MEMORANDUM OPINION
               Appellant, Johnny Ray Wall, pleaded guilty to the offense of burglary of a
building with intent to commit theft and pleaded true to the allegations in two
enhancement paragraphs alleging that he had two prior felony convictions. In
accordance with his plea bargain agreement with the State, the trial court sentenced
appellant to confinement for three years. Appellant filed a timely notice of appeal. 
We dismiss for lack of jurisdiction.

               In a plea-bargained case in which the punishment assessed does not exceed
the plea agreement, a defendant may appeal only those matters that were raised by
written motion filed and ruled on before trial, or after obtaining the trial court’s
permission to appeal. Tex. R. App. P. 25.2(a)(2); Griffin v. State, 145 S.W.3d 645,
648-49 (Tex. Crim. App. 2004); Cooper v. State, 45 S.W.3d 77, 80 (Tex. Crim. App.
2001).

               The trial court’s certification of appellant’s right to appeal in this case states
that this is a plea-bargained case and appellant has no right to appeal. The record
supports the correctness of the certification. Dears v. State, 154 S.W.3d 610, 614-15
(Tex. Crim. App. 2005). We must dismiss an appeal if the trial court’s certification
shows there is no right to appeal. See Tex. R. App. P. 25.2(d).

               We note that appellant also waived his right to appeal. See Buck v. State,
45 S.W.3d 275, 278 (Tex. App.—Houston [1st Dist.] 2001, no pet.).

               Accordingly, we dismiss the appeal for lack of jurisdiction.

PER CURIAM

Panel consists of Chief Justice Radack, and Justices Jennings, and Hanks. 

Do not publish. Tex. R. App. P. 47.2(b).