Opinion to issue October 20, 2005 
  











 
In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-05-00840-CR
____________

ANTONIO ZARATE, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 262nd
Harris County, Texas
Trial Court Cause No. 1026047



 
MEMORANDUM OPINION
               On August 9, 2005, appellant pleaded guilty to the offense of burglary of
a habitation with intent to commit assault. In accordance with appellant’s plea
bargain agreement with the state, the trial court sentenced appellant to confinement
for four years. Appellant filed a timely notice of appeal. We dismiss for lack of
jurisdiction. 
               In a plea-bargained case in which the punishment assessed does not exceed
the plea agreement, a defendant may appeal only those matters that were raised by
written motion filed and ruled on before trial, or after obtaining the trial court’s
permission to appeal. Tex. R. App. P. 25.2(a)(2); Griffin v. State, 145 S.W.3d 645,
648-49 (Tex. Crim. App. 2004); Cooper v. State, 45 S.W.3d 77, 80 (Tex. Crim. App.
2001).
               The trial court’s certification of appellant’s right to appeal in this case states
that this is a plea-bargained case and appellant has no right to appeal. The record
supports the correctness of the certification. Dears v. State, 154 S.W.3d 610 (Tex.
Crim. App. 2005). We must dismiss an appeal if the trial court’s certification shows
there is no right to appeal. See Tex. R. App. P. 25.2(d).
               We note that appellant also waived his right to appeal. See Buck v. State,
45 S.W.3d 275, 278 (Tex. App.—Houston [1st Dist.] 2001, no pet.).
               Accordingly, we dismiss the appeal for lack of jurisdiction.
               Any pending motions are dismissed as moot.
PER CURIAM
Panel consists of Chief Justice Radack, and Justices Alcala and Bland. 
Do not publish. Tex. R. App. P. 47.2(b).