In The
Court of Appeals
For The
First District of Texas
____________

 NOS. 01-05-01102-CR
           01-05-01103-CR
           01-05-01104-CR
____________

JERMAINE EUGENE ESTES, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Cause Nos. 1028168, 1028169, 1027893



 
MEMORANDUM OPINION
               Appellant pleaded guilty to three separate charges of aggravated robbery,
and in accordance with the plea bargain agreement, the trial court assessed
punishment at confinement for 25 years in each case. Appellant filed a timely pro
se notice of appeal. We dismiss for lack of jurisdiction.

               In a plea-bargained case in which the punishment assessed does not exceed
the plea agreement, a defendant may appeal only those matters that were raised by
written motion filed and ruled on before trial, or after obtaining the trial court’s
permission to appeal. Griffin v. State, 145 S.W.3d 645, 648-49 (Tex. Crim. App.
2004); Cooper v. State, 45 S.W.3d 77, 80 (Tex. Crim. App. 2001); Tex. R. App. P.
25.2(a)(2).

               The trial court’s certification of appellant’s right to appeal in each case
states that this is a plea-bargained case and appellant has no right to appeal. The
record supports the correctness of the certifications. Dears v. State, 154 S.W.3d 610
(Tex. Crim. App. 2005). We must dismiss an appeal if the trial court’s certification
shows there is no right to appeal. See Tex. R. App. P. 25.2(d).

               We note that appellant also waived his right to appeal in each case. See
Buck v. State, 45 S.W.3d 275, 278 (Tex. App.—Houston [1st Dist.] 2001, no pet.).]

               Accordingly, we dismiss the appeals for lack of jurisdiction.

               Any pending motions are denied as moot.

PER CURIAM

Panel consists of Justices Nuchia, Jennings, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).