In The
Court of Appeals
For The
First District of Texas
__________
 
NOS. 01-05-01003-CR
           01-05-01004-CR
____________

BILLY DEWAYNE DENISON, JR., Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 185th District Court
Harris County, Texas
Trial Court Cause No. 1036532 and 1036533



 
MEMORANDUM OPINION
               Billy Dewayne Denison, Jr., pleaded guilty to two offenses of burglary of
a habitation with intent to commit theft, and in accordance with his plea bargain
agreements the court sentenced him to confinement for seven years in each case.

Appellant filed a timely notices of appeal. We dismiss for lack of jurisdiction.

               In a plea-bargained case in which the punishment assessed does not exceed
the plea agreement, a defendant may appeal only those matters that were raised by
written motion filed and ruled on before trial, or after obtaining the trial court’s
permission to appeal. Griffin v. State, 145 S.W.3d 645, 648-49 (Tex. Crim. App.
2004); Cooper v. State, 45 S.W.3d 77, 80 (Tex. Crim. App. 2001); Tex. R. App. P.
25.2(a)(2).

               The trial court’s certification of appellant’s right to appeal in each case
states that this is a plea-bargained case and appellant has no right to appeal. The
record supports the correctness of the certifications. Dears v. State, 154 S.W.3d 610
(Tex. Crim. App. 2005) . We must dismiss an appeal if the trial court’s certification
shows there is no right to appeal. See Tex. R. App. P. 25.2(d).

               We note that appellant also waived his right to appeal in each case. See
Buck v. State, 45 S.W.3d 275, 278 (Tex. App.—Houston [1st Dist.] 2001, no pet.).

               Accordingly, we dismiss the appeals for lack of jurisdiction.

               Any pending motions are denied as moot.

PER CURIAM

Panel consists of Justices Nuchia, Jennings, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).