In The
Court of Appeals
For The
First District of Texas
____________

NOS. 01-06-00017-CR
          01-06-00073-CR
____________

LAVERN MAYFIELD BROWN, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 230th District Court 
Harris County, Texas
Trial Court Cause Nos. 1047599 and 1034349



 
MEMORANDUM OPINION
               Appellant, Lavern Mayfield Brown, pleaded guilty to two separate felony
offenses of possession of a controlled substance in trial court cause numbers 1047599
and 1034349. In cause number 1034349, he pleaded true to the allegations in two
enhancement paragraphs that he had two prior felony convictions. In accordance with
his plea bargain agreements with the State, the trial court sentenced appellant to
confinement in each case for three years. Appellant filed timely notices of appeal. 
We dismiss the cases for lack of jurisdiction.

               In a plea-bargained case in which the punishment assessed does not exceed
the plea agreement, a defendant may appeal only those matters that were raised by
written motion filed and ruled on before trial, or after obtaining the trial court’s
permission to appeal. Griffin v. State, 145 S.W.3d 645, 648-49 (Tex. Crim. App.
2004); Cooper v. State, 45 S.W.3d 77, 80 (Tex. Crim. App. 2001); Tex. R. App. P.
25.2(a)(2).

               The trial court’s certification of appellant’s right to appeal in each case
states that this is a plea-bargained case and appellant has no right to appeal. The
record supports the correctness of the certifications. Dears v. State, 154 S.W.3d 610,
614-15 (Tex. Crim. App. 2005). We must dismiss an appeal if the trial court’s
certification shows there is no right to appeal. See Tex. R. App. P. 25.2(d).

               We note that appellant also waived his right to appeal in each case. See
Buck v. State, 45 S.W.3d 275, 278 (Tex. App.—Houston [1st Dist.] 2001, no pet.).

               Accordingly, we dismiss the appeals for lack of jurisdiction.

               Any pending motions are denied as moot.

PER CURIAM

Panel consists of Chief Justice Radack, and Justices Jennings and Alcala.

Do not publish. Tex. R. App. P. 47.2(b).