Clarence BUCK, Appellant,

v.

**The STATE of Texas, Appellee.**

**No. 01–00–01013–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

April 19, 2001.

---

Clarence Buck, Beeville, for Appellant.

Calvin Hartmann, John B. Holmes, Houston, for State.

Panel consists of Chief Justice SCHNEIDER and Justices HEDGES and NUCHIA.

## OPINION

NUCHIA, Justice.

On July 19, 2000, a jury panel was selected and sworn in this case, and appellant entered a plea of "not guilty." Before testimony began, appellant reached a plea agreement with the State.

Appellant signed under oath a waiver of constitutional rights, agreement to stipulate, and judicial confession. The document read, in pertinent part:

> I am satisfied that the attorney representing me today in court has properly represented me and I have fully discussed this case with him. I intend to enter a plea of guilty and the prosecutor will recommend that my punishment should be set at 12 years TDC and I agree to that recommendation. I waive any further time to prepare for trial to which I or my attorney may be entitled. **Further, I waive any right of appeal which I may have should the court accept the foregoing plea bargain agreement between myself and the prosecutor.**

(Emphasis added.) In addition to appellant's sworn signature to the above, appellant's counsel signed a declaration that read, in part:

> I represent the defendant in this case and I believe that this document was executed by him knowingly and voluntarily and after I fully discussed it and its consequences with him.

This document was also signed by the assistant district attorney and the trial judge. The trial judge also signed a statement that included the following:

> After I admonished the defendant of the consequences of his plea, I ascertained that he entered it knowingly and voluntarily after discussing the case with his attorney. It appears that the defendant is mentally competent and the plea is free and voluntary.

Appellant also signed and initialed applicable paragraphs of a document entitled Statements and Waivers of Defendant, including:

> I fully understand the consequences of my plea herein, and after having fully consulted with my attorney, request that the trial court accept said plea;

> I have freely, knowingly, and voluntarily executed this statement in open court with the consent of and approval of my attorney;

> I read and write/understand the English language; the foregoing Admonishments, Statements, and Waivers as well as the attached written Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession, were read by me or were read to me and explained to me in that language by my attorney and/or an interpreter, namely, William J. Rice, Jr., before I signed them, and I

consulted fully with my attorney before entering this plea;

Joined by my counsel, I state that I understand the foregoing admonishments and I am aware of the consequences of my plea. I am mentally competent to stand trial and my plea is freely and voluntarily made. . . . I am totally satisfied with the representation provided by my counsel and I received effective and competent representation. Under Art. 1.14 V.A.C.C.P. I give up all rights given to me by law, whether of form, substance or procedure. Joined by my counsel, I waive and give up my right to a jury in this case and my right to require the appearance, confrontation and cross-examination of witnesses.

This document was also signed by the appellant's attorney and the judge. It was made under oath and signed by the district clerk.

Appellant entered a plea of guilty, the trial court found him guilty and, following the plea agreement, assessed punishment at confinement for 12 years. No motion for new trial was filed. Despite having waived his right to appeal, appellant filed a *pro se* notice of appeal.

We find that the appeal must be dismissed.

■ We first consider whether appellant's waiver of the right to appeal was valid, even though it was made before he was sentenced. Twenty-five years ago, the Court of Criminal Appeals held that a waiver of appeal made "prior to trial" could not bind a defendant because it could never be made knowingly and voluntarily.[1] *See Ex parte Townsend,* 538 S.W.2d 419, 420 (Tex.Crim.App.1976); *accord, Ex parte Dickey,* 543 S.W.2d 99, 101 (Tex.Crim.App. 1976). The same rule also applied to waivers of appeal made after conviction, but before punishment or sentencing. *See Ex parte Thomas,* 545 S.W.2d 469, 470 (Tex. Crim.App.1977). The rule was based on the following three factors existing at that time that prevented the waiver from being voluntary: (1) the defendant's right of appeal had not yet matured;[2] (2) he did not know what punishment would be assessed;[3] and (3) he could not anticipate errors that might occur at trial. *See Dickey,* 543 S.W.2d at 101; *Bushnell v. State,* 975 S.W.2d 641, 643 (Tex.App.—Houston [14th Dist.] 1998, pet. ref'd) (discussing history of rule).

The Court of Criminal Appeals recently retreated from *Thomas* by holding that a waiver of the right to appeal made after conviction, but *before* punishment or sentencing, was binding.[4] *See Blanco v.*

1. Post-sentencing waivers of appeal have always bound the defendant. *See Ex parte Tabor,* 565 S.W.2d 945, 946 (Tex.Crim.App. 1978); *Ex parte Dickey,* 543 S.W.2d 99, 104 (Tex.Crim.App.1976) (op. following remand); *accord, Reyna v. State,* 993 S.W.2d 142, 144 (Tex.App.—San Antonio 1999, pet. ref'd); *Perez v. State,* 989 S.W.2d 427, 428 (Tex.App.— Dallas 1999, no pet.); *Clayburn v. State,* 985 S.W.2d 624, 625 (Tex.App.—Waco 1999, no pet.); *Delatorre v. State,* 957 S.W.2d 145, 149 (Tex.App.—Austin 1997, pet. ref'd) (defendant reaffirmed pretrial waiver after sentencing); *Freeman v. State,* 913 S.W.2d 714, 718 (Tex. App.—Amarillo 1995, no pet.); *Smith v. State,* 858 S.W.2d 609, 612 (Tex.App.—Amarillo 1993, pet. ref'd).

2. At the time of *Townsend* and *Thomas,* a prematurely-filed notice of appeal was ineffective. *See Bushnell v. State,* 975 S.W.2d 641, 643 (Tex.App.—Houston [14th Dist.] 1998, pet. ref'd) (explaining same).

3. At the time, a defendant could not withdraw his negotiated plea if the trial judge did not assess punishment in accordance with the parties' agreement. *See Bushnell,* 975 S.W.2d at 643 (explaining same).

4. Even before *Blanco,* the courts of appeals had generally reached the same result for waivers made at that stage. *See Schneider v. State,* 9 S.W.3d 466, 468 (Tex.App.—Fort Worth 1999, no pet.) (post-conviction, pre-

*State*, 18 S.W.3d 218, 219–20 (Tex.Crim. App.2000). In that case, the court affirmed the Texarkana Court of Appeals' decision dismissing the appeal on the basis of the waiver. The appellant in *Blanco* was found guilty by a jury, then reached a plea agreement with the State as to punishment. As part of that agreement, Blanco promised not to appeal in exchange for the State's promise to recommend a sentence of 16 years. The State kept its part of the bargain, and the trial court followed the State's recommendation. The Court of Criminal Appeals held there was no valid or compelling reason why Blanco should not be held to his bargain. *Id.*

*Townsend*'s first two concerns—that the right of appeal had not matured and that the defendant did not know what punishment would be assessed—are no longer viable even pretrial because of amendments to statute and rule.[5] Article 26.13 of the Code of Criminal Procedure provides that a defendant has the right to withdraw his plea of guilty or no contest if the trial court does not follow the plea bargain agreement in assessing punishment. TEX.CODE CRIM.PROC.ANN. art. 26.13(a)(2) (Vernon Supp.2001). A prematurely-filed notice of appeal is effective. *Littleton v. State*, 33 S.W.3d 41, 43 (Tex. App.—Texarkana 2000, pet. ref'd); *Bushnell*, 975 S.W.2d at 643–44; TEX.R.APP.P. 27.1(b).

We conclude that *Townsend*'s third concern is also no longer viable, *i.e.*, that a defendant waiving his right to appeal before trial cannot anticipate errors that might occur during trial. The plea hearing was appellant's "trial," as he had also waived the right to a full trial and all rights associated with it. Appellant's waiver of the right to appeal was made concurrently with his guilty plea. All that remained was for the trial court to assess punishment in accordance with the plea agreement. *See Littleton*, 33 S.W.3d at 43–44.

We conclude that appellant's waiver of the right to appeal made before sentencing was valid and enforceable.

■ Moreover, in a plea-bargained felony case, the voluntariness of the guilty plea may not be considered on appeal. *Cooper v. State*, 45 S.W.3d 77, 81 (Tex. Crim.App.2001).

We order the appeal **dismissed.**

---

punishment); *Reyna v. State*, 993 S.W.2d 142, 144 (Tex.App.—San Antonio 1999, pet. ref'd) (post-conviction, pre-punishment); *Bushnell*, 975 S.W.2d at 643–44 (post-conviction, pre-punishment); *Turner v. State*, 956 S.W.2d 789, 790 (Tex.App.—Waco 1997, no pet.); *Doyle v. State*, 888 S.W.2d 514, 518 (Tex. App.—El Paso 1994, pet. ref'd) (oral waiver before sentencing, written waiver after sentencing); *see also Hill v. State*, 929 S.W.2d 607, 609 (Tex.App.—Waco 1996, no pet.)

(waiver made when deferred adjudication probation revoked). The courts now agree that *Thomas* and *Townsend*'s first two concerns no longer exist and that their third concern does not exist for waivers made after conviction.

5. *See Hilyard v. State*, 43 S.W.3d 574, 576 (Tex.App.—Houston [1st Dist.] 2001).