In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-02-00309-CR

____________


DARRELL WAYNE DURDEN


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 351st District Court

Harris County, Texas

Trial Court Cause No. 867708






O P I N I O N

 Appellant pleaded guilty to robbery, and, in accordance with a plea bargain
agreement with the State, was sentenced to five years confinement. Appellant filed
a pro se notice of appeal. We dismiss the appeal for lack of jurisdiction.

 Appellant filed a general notice of appeal that did not comply with the
requirements of Rule 25.2(b)(3) of the Texas Rules of Appellate Procedure in that it
did not state that the appeal was for a jurisdictional defect, that the substance of the
appeal was raised by written motion and ruled on before trial, or that the trial court
granted permission to appeal. See Tex. R. App. P. 25.2(b)(3). Appellant may not now
file an amended notice of appeal to correct jurisdictional defects. State v. Riewe, 13
S.W.3d 408, 413-14 (Tex. Crim. App. 2000).

 The Court of Criminal Appeals has held that in felony cases such as the
present one in which: (1) the defendant entered a plea of guilty or no contest based
on a plea bargain agreement; (2) the trial court followed the agreement in assessing
punishment; and (3) a general notice of appeal was filed, an appellate court is without
jurisdiction. See White v. State, 61 S.W.3d 424, 429 (Tex. Crim. App. 2001); Cooper
v. State, 45 S.W.3d 77, 83 (Tex. Crim. App. 2001).

 We also note that appellant waived his right to appeal if the trial court
followed the plea bargain agreement. See Buck v. State, 45 S.W.3d 275, 278 (Tex.
App.--Houston [1st Dist.] 2001, no pet.).

 Accordingly, we dismiss the appeal for lack of jurisdiction.

PER CURIAM


Panel consists of Chief Justice Schneider, and Justices Taft and Radack.

Do not publish. Tex. R. App. P. 47.