In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-03-00120-CR

____________


TIMOTHY JEROME FISCHER, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 178th District Court

Harris County, Texas

Trial Court Cause No. 932754






MEMORANDUM OPINION

 Appellant pleaded guilty to possession of cocaine weighing less than one
gram and true to the allegations contained in two enhancement paragraphs. In
accordance with a plea bargain agreement with the State, the trial court sentenced
appellant to confinement for two years in the Texas Department of Criminal Justice
- Institutional Division. Appellant filed timely pro se notice of appeal. We dismiss
for lack of jurisdiction.

 Newly-amended Rule 25.2(a) of the Texas Rules of Appellate Procedure
provides, in pertinent part:

 In a plea bargain case -- that is, a case in which a defendant's
plea was guilty or nolo contendere and the punishment did not
exceed the punishment recommended by the prosecutor and
agreed to by the defendant -- a defendant may appeal only:


 (A) those matters that were raised by written motion filed and
ruled on before trial, or


 (B) after getting the trial court's permission to appeal.


Tex. R. App. P. 25.2(a)(2).

 The trial court's certification of defendant's right of appeal states that this
"is a plea-bargain case, and the defendant has NO right of appeal." (Emphasis in
original.)

 We also note that appellant waived his right to appeal. See Buck v. State,
45 S.W.3d 275, 278 (Tex. App.--Houston [1st Dist.] 2001, no pet.).

 Accordingly, we dismiss the appeal for lack of jurisdiction.

PER CURIAM

Panel consists of Chief Justice Radack, and Justices Nuchia and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).