In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-03-00114-CR
____________

KELVIN TRACEY HARRIS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 185th District Court
Harris County, Texas
Trial Court Cause No. 928053



 
MEMORANDUM OPINION
               Appellant pleaded guilty to theft as a third offender and, in accordance with
a plea bargain agreement with the State, the trial court sentenced appellant to
confinement for 10 months in state jail. Appellant filed timely notice of appeal. We
dismiss for lack of jurisdiction.

               Newly-amended Rule 25.2(a) of the Texas Rules of Appellate Procedure
provides, in pertinent part:

In a plea bargain case — that is, a case in which a defendant’s
plea was guilty or nolo contendere and the punishment did not
exceed the punishment recommended by the prosecutor and
agreed to by the defendant — a defendant may appeal only:

 
(A)those matters that were raised by written motion filed and
ruled on before trial, or

 
(B)after getting the trial court’s permission to appeal.



Tex. R. App. P. 25.2(a)(2).

               The trial court’s certification of defendant’s right of appeal states that this
“is a plea-bargain case, and the defendant has NO right of appeal.”

               We also note that appellant waived his right to appeal. See Buck v. State,
45 S.W.3d 275, 278 (Tex. App.—Houston [1st Dist.] 2001, no pet.).

               Accordingly, we dismiss the appeal for lack of jurisdiction.

PER CURIAM

Panel consists of Justices Taft, Keyes, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).