In The
Court of Appeals
For The
First District of Texas
____________

NOS. 01-03-00453-CR
          01-03-00454-CR
____________

GILBERTO REYES VASQUEZ, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 263rd District Court
Harris County, Texas
Trial Court Cause Nos. 943580 and 910877



 
MEMORANDUM OPINION
               Appellant pleaded guilty to felony driving while intoxicated and aggravated
assault. In accordance with a plea bargain agreement with the State, the trial court
sentenced appellant to confinement for 10 years on the driving while intoxicated
charge, and to confinement for 15 years on the aggravated assault charge, to run
concurrently. Appellant filed a timely pro se notice of appeal in each case. We
dismiss the appeals for lack of jurisdiction.

               Rule 25.2(a) of the Texas Rules of Appellate Procedure provides, in
pertinent part:

In a plea bargain case — that is, a case in which a defendant’s
plea was guilty or nolo contendere and the punishment did not
exceed the punishment recommended by the prosecutor and
agreed to by the defendant — a defendant may appeal only:

 
(A)those matters that were raised by written motion filed and
ruled on before trial, or

 
(B)after getting the trial court’s permission to appeal.



Tex. R. App. P. 25.2(a)(2).

               The trial court’s certification of defendant’s right of appeal in each case
states that this “is a plea-bargain case, and the defendant has NO right of appeal.” See
Tex. R. App. P. 25.2(d).

               We also note that appellant waived his right to appeal in each case. See
Buck v. State, 45 S.W.3d 275, 278 (Tex. App.—Houston [1st Dist.] 2001, no pet.).

               Accordingly, we dismiss the appeals for lack of jurisdiction.

               All pending motions are denied as moot.

PER CURIAM

Panel consists of Chief Justice Radack, and Justices Alcala and Higley.

Do not publish. Tex. R. App. P. 47.2(b).