In The

Court of Appeals

For The

First District of Texas

____________


NOS. 01-03-00701-CR

 01-03-00702-CR

____________


FREDRICK ANTHONY KISER, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 268th District Court

Fort Bend County, Texas

Trial Court Cause Nos. 37,370A and 37,748






MEMORANDUM OPINION

 Appellant pleaded guilty to aggravated robbery in cause number 37,370A
and to robbery in cause number 37,748. In accordance with a plea bargain agreement
with the State, the trial court sentenced appellant to confinement for 25 years in the
aggravated robbery case and confinement for 10 years in the robbery case. Appellant
filed separate waivers of his right to appeal. Nevertheless, appellant filed a timely
pro se notice of appeal in each case. We dismiss for lack of jurisdiction.

 Rule 25.2(a) of the Texas Rules of Appellate Procedure provides, in
pertinent part:

 In a plea bargain case -- that is, a case in which a defendant's
plea was guilty or nolo contendere and the punishment did not
exceed the punishment recommended by the prosecutor and
agreed to by the defendant -- a defendant may appeal only:


 (A) those matters that were raised by written motion filed and
ruled on before trial, or


 (B) after getting the trial court's permission to appeal.


Tex. R. App. P. 25.2(a)(2).

 The trial court's certifications of appellant's right of appeal reflect that these
are plea-bargained cases, and that the appellant therefore has no right of appeal. They
also reflect that appellant waived his right of appeal. See Buck v. State, 45 S.W.3d
275, 278 (Tex. App.--Houston [1st Dist.] 2001, no pet.); Tex. R. App. P. 25.2(a), (d).

 Accordingly, we dismiss the appeals for lack of jurisdiction.

 All pending motions are denied as moot.

PER CURIAM

Panel consists of Chief Justice Radack, and Justices Alcala and Higley.

Do not publish. Tex. R. App. P. 47.2(b).