In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-03-00580-CR

____________


BRENT LEE BAILEY, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 337th District Court

Harris County, Texas

Trial Court Cause No. 938067






MEMORANDUM OPINION

 Appellant pleaded guilty to attempting to take from a police officer the
officer's firearm with the intention of harming the officer. In accordance with a plea
bargain agreement with the State, the trial court sentenced appellant to confinement
in state jail for 10 months. Appellant filed a timely notice of appeal. We dismiss for
lack of jurisdiction.

 Rule 25.2(a) of the Texas Rules of Appellate Procedure provides, in
pertinent part:

 In a plea bargain case -- that is, a case in which a defendant's
plea was guilty or nolo contendere and the punishment did not
exceed the punishment recommended by the prosecutor and
agreed to by the defendant -- a defendant may appeal only:


 (A) those matters that were raised by written motion filed and
ruled on before trial, or


 (B) after getting the trial court's permission to appeal.


Tex. R. App. P. 25.2(a)(2).

 The trial court's certification of defendant's right of appeal states that this
"is a plea-bargain case, and the defendant has NO right of appeal." See Tex. R. App.
P. 25.2(d).

 We also note that appellant waived any right to appeal. See Buck v. State,
45 S.W.3d 275, 278 (Tex. App.--Houston [1st Dist.] 2001, no pet.).

 Accordingly, we dismiss the appeal for lack of jurisdiction.

PER CURIAM

Panel consists of Justices Taft, Jennings, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).