In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-03-00887-CR
____________

HOWARD EUGENE SWAIN, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 185th District Court
Harris County, Texas
Trial Court Cause No. 955354



 
MEMORANDUM OPINION
               Appellant pleaded guilty to possession of cocaine, weighing more than one
gram and less than four grams and, in accordance with a plea bargain agreement with
the State, the trial court sentenced appellant to confinement for two years. Timely
notice of appeal was filed. We dismiss for lack of jurisdiction.

               Rule 25.2(a) of the Texas Rules of Appellate Procedure provides, in
pertinent part:

In a plea bargain case — that is, a case in which a defendant’s
plea was guilty or nolo contendere and the punishment did not
exceed the punishment recommended by the prosecutor and
agreed to by the defendant — a defendant may appeal only:

 
(A)those matters that were raised by written motion filed and
ruled on before trial, or

 
(B)after getting the trial court’s permission to appeal.



Tex. R. App. P. 25.2(a)(2).

               Appellant also waived his right to appeal. See Buck v. State, 45 S.W.3d
275, 278 (Tex. App.—Houston [1st Dist.] 2001, no pet.).

               The trial court’s certification of appellant’s right of appeal reflects that there
is no right of appeal because there was a plea-bargain and appellant waived his right
of appeal. See Tex. R. App. P. 25.2(d).

               Accordingly, we dismiss for lack of jurisdiction.

PER CURIAM

Panel consists of Justices Taft, Jennings, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).