In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-03-01002-CR
____________

ROGER EARL SHELLEY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 262nd District Court
Harris County, Texas
Trial Court Cause No. 960581



 
MEMORANDUM OPINION
               Appellant pleaded guilty to unauthorized use of a motor vehicle and, in
accordance with the plea bargain agreement between appellant and the State, the trial
court sentenced appellant to confinement for two years. A timely pro se notice of
appeal was filed. We dismiss for lack of jurisdiction.

               Rule 25.2(a) of the Texas Rules of Appellate Procedure provides that, in a
plea-bargained case in which the punishment assessed does not exceed the plea
agreement, a defendant may appeal only those matters that were raised by written
motion filed and ruled on before trial, or after getting the trial court’s permission to
appeal. Tex. R. App. P. 25.2(a)(2). Neither exception applies in this case.

               In addition, appellant waived his right to appeal in the plea papers. See
Buck v. State, 45 S.W.3d 275, 278 (Tex. App.—Houston [1st Dist.] 2001, no pet.). 
The trial court’s certification of defendant’s right to appeal states that appellant
waived the right to appeal. The certification was signed by appellant and his counsel. 
We must dismiss an appeal unless the record includes a certification that shows the
appellant has the right of appeal. See Tex. R. App. P. 25.2(d).

               Accordingly, we dismiss the appeal for lack of jurisdiction.

PER CURIAM

Panel consists of Justices Hedges, Alcala, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).