In The
Court of Appeals
For The
First District of Texas
____________

NOS. 01-03-01150-CR
          01-03-01151-CR
          01-03-01152-CR
____________

BERNORD JOHNTREE ROBINSON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 230th District Court
Harris County, Texas
Trial Court Cause Nos. 948731, 948732, and 946077




MEMORANDUM OPINION
               Appellant pleaded guilty to three charges of aggravated robbery with a plea
bargain agreement in each case of a punishment cap of 40 years. The trial court
sentenced appellant to confinement for 25 years in each case. Timely pro se notices
of appeal were filed. We dismiss for lack of jurisdiction.

               Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure provides that, in
a plea-bargained case in which the punishment assessed does not exceed the plea
agreement, a defendant may appeal only those matters that were raised by written
motion filed and ruled on before trial, or after obtaining the trial court’s permission
to appeal. Tex. R. App. P. 25.2(a)(2). We held in Threadgill v. State, No. 01-03-00288-CR, slip op. at 2-3 (Tex. App.—Houston [1st Dist.] Oct. 9, 2003, no pet.)
(designated for publication), that an agreement to a punishment cap is a plea
agreement within the meaning of Rule 25.2(a)(2). The Fourteenth Court of Appeals
held likewise in Waters v. State, No. 14-03-00183-CR, slip op. at 2 (Tex.
App.—Houston [14th Dist.] Dec. 9, 2003) (designated for publication).

               The trial court’s certifications of appellant’s right to appeal state that these
are plea-bargained cases and appellant has no right to appeal. Therefore, the
exceptions to Rule 25.2(a)(2) (denial of pretrial written motions and trial court’s
permission to appeal) do not apply.

               In addition, appellant waived his right to appeal in all three cases. See Buck
v. State, 45 S.W.3d 275, 278 (Tex. App.—Houston [1st Dist.] 2001, no pet.).

               Accordingly, we dismiss the appeals for lack of jurisdiction.

PER CURIAM

Panel consists of Chief Justice Radack, and Justices Jennings and Higley.

Do not publish. Tex. R. App. P. 47.2(b).