In The
Court of Appeals
For The
First District of Texas
____________

NOS. 01-04-01202-CR
          01-04-01203-CR
____________

STEVEN WESLEY ROBERTS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 174th District Court
Harris County, Texas
Trial Court Cause Nos. 994946 and 994947



 
MEMORANDUM OPINION
               Appellant pleaded guilty to: (1) possession of more than four grams and less
than 200 grams of phencyclidine and (2) felon in possession of a weapon. In
accordance with a plea bargain agreement, the trial court sentenced appellant to
confinement for three years in each case. Appellant filed a timely notice of appeal
that included both cause numbers. We dismiss for lack of jurisdiction.

               In a plea-bargained case in which the punishment assessed does not exceed
the plea agreement, a defendant may appeal only those matters that were raised by
written motion filed and ruled on before trial, or after obtaining the trial court’s
permission to appeal. Griffin v. State, 145 S.W.3d 645, 648-49 (Tex. Crim. App.
2004); Cooper v. State, 45 S.W.3d 77, 80 (Tex. Crim. App. 2001); Tex. R. App. P.
25.2(a)(2).

               The trial court’s certification of appellant’s right to appeal states in each
case that this is a plea-bargained case and appellant has no right to appeal. The
record supports the certifications. We must dismiss an appeal if the trial court’s
certification shows there is no right to appeal. See Tex. R. App. P. 25.2(d).

               We note that appellant also waived his right to appeal in each case. See
Buck v. State, 45 S.W.3d 275, 278 (Tex. App.—Houston [1st Dist.] 2001, no pet.).

               Accordingly, we dismiss the appeals for lack of jurisdiction.

PER CURIAM

Panel consists of Justices Taft, Keyes, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).