Opinion issued September 29, 2005 





               





In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-05-00730-CR
____________

JIMMY KIMBLE, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Cause No. 1018592



 
MEMORANDUM OPINION
               Appellant pleaded guilty to the offense of robbery and, in accordance with
the plea bargain agreement, the trial court sentenced appellant to confinement for 
three years. Appellant filed a timely notice of appeal. We dismiss for lack of
jurisdiction.

               In a plea-bargained case in which the punishment assessed does not exceed
the plea agreement, a defendant may appeal only those matters that were raised by
written motion filed and ruled on before trial, or after obtaining the trial court’s
permission to appeal. Griffin v. State, 145 S.W.3d 645, 648-49 (Tex. Crim. App.
2004); Cooper v. State, 45 S.W.3d 77, 80 (Tex. Crim. App. 2001); Tex. R. App. P.
25.2(a)(2).

               The trial court’s certification of appellant’s right to appeal in this case states
that this is a plea-bargained case and appellant has no right to appeal. The record
supports the correctness of the certification. Dears v. State, 154 S.W.3d 610 (Tex.
Crim. App. 2005). We must dismiss an appeal if the trial court’s certification shows
there is no right to appeal. See Tex. R. App. P. 25.2(d).

               We note that appellant also waived his right to appeal. See Buck v. State,
45 S.W.3d 275, 278 (Tex. App.—Houston [1st Dist.] 2001, no pet.).

               Accordingly, we dismiss the appeal for lack of jurisdiction.

PER CURIAM

Panel consists of Justices Taft, Keyes, and Hanks. 

Do not publish. Tex. R. App. P. 47.2(b).