Opinion to issue November 23, 2005










 

            


In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-05-00999-CR
____________

EARL WAYNE KUEHNE, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 228th District Court
Harris County, Texas
Trial Court Cause No. 1040553



 
MEMORANDUM OPINION
               Appellant pleaded guilty to the offense of driving while intoxicated third
offender and, in accordance with the plea bargain agreement, the trial court sentenced
appellant to confinement for 10 years. Appellant filed a timely notice of appeal. We
dismiss for lack of jurisdiction.

               In a plea-bargained case in which the punishment assessed does not exceed
the plea agreement, a defendant may appeal only those matters that were raised by
written motion filed and ruled on before trial, or after obtaining the trial court’s
permission to appeal. Griffin v. State, 145 S.W.3d 645, 648-49 (Tex. Crim. App.
2004); Cooper v. State, 45 S.W.3d 77, 80 (Tex. Crim. App. 2001); Tex. R. App. P.
25.2(a)(2).

               The trial court’s certification of appellant’s right to appeal in this case states
that this is a plea-bargained case and appellant has no right to appeal. The record
supports the correctness of the certification. Dears v. State, 154 S.W.3d 610 (Tex.
Crim. App. 2005). We must dismiss an appeal if the trial court’s certification shows
there is no right to appeal. See Tex. R. App. P. 25.2(d).

               We note that appellant also waived his right to appeal. See Buck v. State,
45 S.W.3d 275, 278 (Tex. App.—Houston [1st Dist.] 2001, no pet.).

               Accordingly, we dismiss the appeal for lack of jurisdiction.

               Any pending motions are dismissed as moot.

PER CURIAM

Panel consists of Justices Taft, Keyes and Hanks

Do not publish. Tex. R. App. P. 47.2(b).