In The
Court of Appeals
For The
First District of Texas
_______
NOS. 01-05-01030-CR
           01-05-01031-CR


JERRY LEWIS WALKER, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Cause Nos. 1044199 and 1044200



 
MEMORANDUM OPINION
                    Appellant, Jerry Lewis Walker, pleaded guilty to the state jail felony
offenses of evading arrest and possession of a controlled substanc, and in accordance
with his plea bargain agreement with the State, the trial court sentenced appellant to
confinement in each case for 8 months. Appellant filed a timely pro se notices of
appeal.

               In a plea-bargained case in which the punishment assessed does not exceed
the plea agreement, a defendant may appeal only those matters that were raised by
written motion filed and ruled on before trial, or after obtaining the trial court’s
permission to appeal. Griffin v. State, 145 S.W.3d 645, 648-49 (Tex. Crim. App.
2004); Cooper v. State, 45 S.W.3d 77, 80 (Tex. Crim. App. 2001); Tex. R. App. P.
25.2(a)(2).

               The trial court’s certification of appellant’s right to appeal in each case
states that this is a plea-bargained case and appellant has no right to appeal. The
record supports the correctness of the certifications. Dears v. State, 154 S.W.3d 610,
614-15 (Tex. Crim. App. 2005). We must dismiss an appeal if the trial court’s
certification shows there is no right to appeal. See Tex. R. App. P. 25.2(d).

               We note that in each case appellant also waived his right to appeal. See
Buck v. State, 45 S.W.3d 275, 278 (Tex. App.—Houston [1st Dist.] 2001, no pet.).

               Accordingly, we dismiss the appeals for lack of jurisdiction.

 Any pending motions are denied as moot.

PER CURIAM

Panel consists of Justices Taft, Higley, and Bland.

Do not publish. Tex. R. App. P. 47.2(b).