In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-05-00781-CR
____________

RUSTY ROY TERRY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 263rd District Court
Harris County, Texas
Trial Court Cause No. 1004183 



 
MEMORANDUM OPINION
               Appellant pleaded guilty to the felony offense of driving while intoxicated 
third offender and pleaded true to two enhancement paragraphs. The trial court
proceeded to find appellant guilty and, in accordance with appellant’s plea bargain
agreement with the state, assessed punishment at confinement for two years. In
accordance with his plea bargain agreement with the state, the trial court sentenced
appellant to confinement for two years. Appellant filed a timely pro se notice of
appeal .

               In a plea-bargained case in which the punishment assessed does not exceed
the plea agreement, a defendant may appeal only those matters that were raised by
written motion filed and ruled on before trial, or after obtaining the trial court’s
permission to appeal. Tex. R. App. P. 25.2(a)(2); Griffin v. State, 145 S.W.3d 645,
648-49 (Tex. Crim. App. 2004); Cooper v. State, 45 S.W.3d 77, 80 (Tex. Crim. App.
2001). 

               The trial court’s certification of appellant’s right to appeal in this case states
that this is a plea-bargained case and appellant has no right to appeal. Despite having
waived the right to appeal, appellant filed a pro se notice of appeal. There is nothing
in the record indicating that appellant’s waiver of his right to appeal was not
voluntarily, knowingly, and intelligently made. There is also nothing indicating that
the trial court gave his consent for an appeal. In fact, the contrary is true. The trial
court’s judgment is stamped, “Appeal waived. No permission to appeal granted.” 
See Buck v. State, 45 S.W.3d 275, 278 (Tex. App.—Houston [1st Dist.] 2001, no
pet.). We note that pro se appellant filed a brief before the record was filed in this
appeal. After receiving the record for this case he filed a motion to withdraw his pro
se brief. The State filed a brief in response to the pro se brief requests that this Court
dismiss the appeal for lack of jurisdiction. The record supports the correctness of the
certification. Dears v. State, 154 S.W.3d 610, 614-15 (Tex. Crim. App. 2005). We
must dismiss an appeal if the trial court’s certification shows there is no right to
appeal. See Tex. R. App. P. 25.2(d).

               Accordingly, we dismiss the appeal for lack of jurisdiction.

 All pending motions are dismissed as moot.

PER CURIAM

Panel consists of Justices Nuchia, Keyes, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).