In The
Court of Appeals
For The
First District of Texas

____________

NO. 01-06-00201-CR
____________

RAZHEE ZAHON MCCASTON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 185 th District Court
Harris County, Texas
Trial Court Cause No. 1055154 



 
MEMORANDUM OPINION
          Appellant, Razhee Zahon McCaston pleaded guilty to the felony offense of
prostitution and true to the allegations in two enhancement paragraphs that he had
two prior convictions for the felony offense of prostitution. In accordance with his
plea bargain agreement with the State, the trial court sentenced appellant to
confinement for 2 years. Appellant filed a timely pro se notice of appeal 

          In a plea-bargained case in which the punishment assessed does not exceed the
plea agreement, a defendant may appeal only those matters that were raised by written
motion filed and ruled on before trial, or after obtaining the trial court’s permission
to appeal. Tex. R. App. P. 25.2(a)(2); Griffin v. State, 145 S.W.3d 645, 648-49 (Tex.
Crim. App. 2004); Cooper v. State, 45 S.W.3d 77, 80 (Tex. Crim. App. 2001).

          The trial court’s certification of appellant’s right to appeal in this case states
that this is a plea-bargained case and appellant has no right to appeal. The record
supports the correctness of the certification. Dears v. State, 154 S.W.3d 610, 614-15
(Tex. Crim. App. 2005). We must dismiss an appeal if the trial court’s certification
shows there is no right to appeal. See Tex. R. App. P. 25.2(d).

          We note that appellant also waived his right to appeal. See Buck v. State, 45
S.W.3d 275, 278 (Tex. App.—Houston [1st Dist.] 2001, no pet.).

          Accordingly, we dismiss the appeal for lack of jurisdiction.

 All pending motions are dismissed as moot.

PER CURIAM

Panel consists of Chief Justice Radack, and Justices Jennings and Alcala.

Do not publish. Tex. R. App. P. 47.2(b).