In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-06-00523-CR

____________


WILLIE CHARLES MORRIS, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 180th District Court

Harris County, Texas

Trial Court Cause No. 1066191 






MEMORANDUM OPINION

 Appellant, Willie Charles Morris, pleaded guilty to the misdemeanor
offense of theft and pleaded true to the allegations in two enhancement paragraphs
that he had two prior theft convictions. In accordance with appellant's plea bargain
agreement with the State, the trial court sentenced appellant to confinement for nine
months. Appellant filed a timely pro se notice of appeal.

 In a plea-bargained case in which the punishment assessed does not exceed
the plea agreement, a defendant may appeal only those matters that were raised by
written motion filed and ruled on before trial, or after obtaining the trial court's
permission to appeal. Tex. R. App. P. 25.2(a)(2); Griffin v. State, 145 S.W.3d 645,
648-49 (Tex. Crim. App. 2004); Cooper v. State, 45 S.W.3d 77, 80 (Tex. Crim. App.
2001).

 The trial court's certification of appellant's right to appeal in this case states
that this is a plea-bargained case and appellant has no right to appeal. The record
supports the correctness of the certification. Dears v. State, 154 S.W.3d 610, 614-15
(Tex. Crim. App. 2005). We must dismiss an appeal if the trial court's certification
shows there is no right to appeal. See Tex. R. App. P. 25.2(d).

 We note that appellant also waived his right to appeal. See Buck v. State,
45 S.W.3d 275, 278 (Tex. App.--Houston [1st Dist.] 2001, no pet.).

 Accordingly, we dismiss the appeal for lack of jurisdiction.

 All pending motions are dismissed as moot.

PER CURIAM

Panel consists of Justices Jennings, Hanks, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).