In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-06-00275-CR
____________

OSVALDO FEMAT CASTILLO, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 174th District Court 
Harris County, Texas
Trial Court Cause No. 1021118



 
MEMORANDUM OPINION
               Appellant pleaded guilty to the offense of indecency with a child and, in
accordance with his plea bargain agreement with the State, the trial court sentenced
appellant to confinement for two years. Appellant filed a timely notice of appeal. We
dismiss for lack of jurisdiction.

               In a plea-bargained case in which the punishment assessed does not exceed
the plea agreement, a defendant may appeal only those matters that were raised by
written motion filed and ruled on before trial, or after obtaining the trial court’s
permission to appeal. Griffin v. State, 145 S.W.3d 645, 648-49 (Tex. Crim. App.
2004); Cooper v. State, 45 S.W.3d 77, 80 (Tex. Crim. App. 2001); Tex. R. App. P.
25.2(a)(2).

               The trial court’s certification of appellant’s right to appeal in this case states
that this is a plea-bargained case and appellant has no right to appeal. The record
supports the correctness of the certification. Dears v. State, Nos. PD-1963-03, PD-1964-03, PD-1965-03, slip op. 9 (Tex. Crim. App. Jan. 26, 2005). We must dismiss
an appeal if the trial court’s certification shows there is no right to appeal. See Tex.
R. App. P. 25.2(d).

               We note that appellant also waived his right to appeal. See Buck v. State,
45 S.W.3d 275, 278 (Tex. App.—Houston [1st Dist.] 2001, no pet.).

               Accordingly, we dismiss the appeal for lack of jurisdiction. 

               Any pending motions are denied as moot.PER CURIAM

Panel consists of Justices Keyes, Alcala, and Bland.

Do not publish. Tex. R. App. P. 47.2(b).