In The
Court of Appeals
For The
First District of Texas
____________

NOS. 01-06-00572-CR
          01-06-00573-CR
____________

ROMEL CRAIG KENNERSON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 232nd District Court
Harris County, Texas
Trial Court Cause Nos. 1067912 and 1067911



 
MEMORANDUM OPINION
               Appellant pleaded guilty to the state jail felony offense of possession of
cocaine in trial court cause number 1067911 and to the felony offense of possession
of a firearm by a felon in trial court cause number 1067912, and in accordance with
his plea bargain agreements with the State, the trial court sentenced appellant to
confinement in trial court case number 1067912 for two years and in trial court case
number 1067911 for six months. Appellant filed a timely pro se notice of appeal in
each case.

               In a plea-bargained case in which the punishment assessed does not exceed
the plea agreement, a defendant may appeal only those matters that were raised by
written motion filed and ruled on before trial, or after obtaining the trial court’s
permission to appeal. Tex. R. App. P. 25.2(a)(2); Griffin v. State, 145 S.W.3d 645,
648-49 (Tex. Crim. App. 2004); Cooper v. State, 45 S.W.3d 77, 80 (Tex. Crim. App.
2001).

               The trial court’s certification of appellant’s right to appeal in each case
states that this is a plea-bargained case and appellant has no right to appeal. The
record supports the correctness of the certification. Dears v. State, 154 S.W.3d 610,
614-15 (Tex. Crim. App. 2005). We must dismiss an appeal if the trial court’s
certification shows there is no right to appeal. See Tex. R. App. P. 25.2(d).

               We note that appellant also waived in each case his right to appeal. See
Buck v. State, 45 S.W.3d 275, 278 (Tex. App.—Houston [1st Dist.] 2001, no pet.).

               Accordingly, we dismiss the appeals for lack of jurisdiction.

 All pending motions are dismissed as moot.

PER CURIAM

Panel consists of Justices Keyes, Alcala, and Bland.

Do not publish. Tex. R. App. P. 47.2(b).