In The

Court of Appeals

For The

First District of Texas


____________


NO. 01-06-00812-CR

____________


ISAAC AGUIRRE CASTILLO, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 182nd District Court 

Harris County, Texas

Trial Court Cause No. 957536






MEMORANDUM OPINION

 Appellant pleaded guilty to the felony offense of failure to comply with
sexual registration requirements and, in accordance with his plea bargain agreement
with the State, the trial court sentenced appellant to confinement for four years
Appellant filed a timely notice of appeal. We dismiss for lack of jurisdiction.

 In a plea-bargained case in which the punishment assessed does not exceed
the plea agreement, a defendant may appeal only those matters that were raised by
written motion filed and ruled on before trial, or after obtaining the trial court's
permission to appeal. Griffin v. State, 145 S.W.3d 645, 648-49 (Tex. Crim. App.
2004); Cooper v. State, 45 S.W.3d 77, 80 (Tex. Crim. App. 2001); Tex. R. App. P.
25.2(a)(2).

 The trial court's certification of appellant's right to appeal in this case states
that this is a plea-bargained case and appellant has no right to appeal. The record
supports the correctness of the certification. Dears v. State, 154 S.W.3d 610, 614-15
(Tex. Crim. App. 2005). We must dismiss an appeal if the trial court's certification
shows there is no right to appeal. See Tex. R. App. P. 25.2(d).

 We note that appellant also waived his right to appeal. See Buck v. State,
45 S.W.3d 275, 278 (Tex. App.--Houston [1st Dist.] 2001, no pet.).] Accordingly, we dismiss the appeal for lack of jurisdiction.


PER CURIAM

Panel consists of Chief Justice Radack, and Justices Alcala and Bland.

Do not publish. Tex. R. App. P. 47.2(b).