In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-06-01163-CR

____________


CLARENCE NELSON, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 180th District Court 

Harris County, Texas

Trial Court Cause No. 1075556






MEMORANDUM OPINION

 Appellant pleaded guilty to the state jail felony offense of burglary of a
building with intent to commit theft and, in accordance with his plea bargain
agreement, the trial court sentenced appellant to confinement for 10 years. Appellant
filed a timely notice of appeal. We dismiss for lack of jurisdiction.

 In a plea-bargained case in which the punishment assessed does not exceed the
plea agreement, a defendant may appeal only those matters that were raised by written
motion filed and ruled on before trial, or after obtaining the trial court's permission
to appeal. Griffin v. State, 145 S.W.3d 645, 648-49 (Tex. Crim. App. 2004); Cooper
v. State, 45 S.W.3d 77, 80 (Tex. Crim. App. 2001); Tex. R. App. P. 25.2(a)(2).

 The trial court's certification of appellant's right to appeal in this case states
that this is a plea-bargained case and appellant has no right to appeal. The record
supports the correctness of the certification. Dears v. State, 154 S.W.3d 610, 614-15
(Tex. Crim. App. 2005). We must dismiss an appeal if the trial court's certification
shows there is no right to appeal. See Tex. R. App. P. 25.2(d).

 We note that appellant also waived his right to appeal. See Buck v. State, 45
S.W.3d 275, 278 (Tex. App.--Houston [1st Dist.] 2001, no pet.). Accordingly, we dismiss the appeal for lack of jurisdiction.


PER CURIAM

Panel consists of Justices Taft, Alcala, and Hanks.


Do not publish. Tex. R. App. P. 47.2(b).