In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-07-00338-CR

____________


CORNELIUS WILLIAMS, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 180th District Court

Harris County, Texas

Trial Court Cause No. 1108874






MEMORANDUM OPINION

 Appellant, Cornelius Williams, pleaded guilty to the felony offense of delivery
of a controlled substance, and, in accordance with his plea bargain agreement with
the State, the trial court sentenced appellant to confinement for three years. Appellant
filed a timely pro se notice of appeal 

 In a plea-bargained case in which the punishment assessed does not exceed the
plea agreement, a defendant may appeal only those matters that were raised by written
motion filed and ruled on before trial, or after obtaining the trial court's permission
to appeal. Tex. R. App. P. 25.2(a)(2); Griffin v. State, 145 S.W.3d 645, 648-49 (Tex.
Crim. App. 2004); Cooper v. State, 45 S.W.3d 77, 80 (Tex. Crim. App. 2001); Tex.
R. App. P. 25.2(a)(2).

 The trial court's certification of appellant's right to appeal in this case states
that this is a plea-bargained case and appellant has no right to appeal. The record
supports the correctness of the certification. Dears v. State, 154 S.W.3d 610, 614-15
(Tex. Crim. App. 2005). We must dismiss an appeal if the trial court's certification
shows there is no right to appeal. See Tex. R. App. P. 25.2(d).

 We note that appellant also waived his right to appeal. See Buck v. State, 45
S.W.3d 275, 278 (Tex. App.--Houston [1st Dist.] 2001, no pet.).

 Accordingly, we dismiss the appeal for lack of jurisdiction.

 All pending motions are dismissed as moot.

PER CURIAM

Panel consists of Justices Taft, Jennings, and Alcala.

Do not publish. Tex. R. App. P. 47.2(b).