In The

Court of Appeals

For The

First District of Texas

____________


NOS. 01-07-00341-CR

 01-07-00342-CR

____________


JAMAL BINGHAM, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 179th District Court 

Harris County, Texas

Trial Court Cause Nos. 1032996 and 1032997






MEMORANDUM OPINION

 Appellant pleaded guilty to two separate offenses of aggravated robbery and,
in accordance with his plea bargain agreements with the State, the trial court
sentenced appellant in each case to confinement for eight years. Appellant filed a
timely pro se notice of appeal. We dismiss the appeals for lack of jurisdiction.

 In a plea-bargained case in which the punishment assessed does not exceed the
plea agreement, a defendant may appeal only those matters that were raised by written
motion filed and ruled on before trial, or after obtaining the trial court's permission
to appeal. Griffin v. State, 145 S.W.3d 645, 648-49 (Tex. Crim. App. 2004); Cooper
v. State, 45 S.W.3d 77, 80 (Tex. Crim. App. 2001); Tex. R. App. P. 25.2(a)(2).

 The trial court's certification of appellant's right to appeal in each case states
that this is a plea-bargained case and appellant has no right to appeal. The record
supports the correctness of the certifications. Dears v. State, 154 S.W.3d 610, 614-15
(Tex. Crim. App. 2005). We must dismiss an appeal if the trial court's certification
shows there is no right to appeal. See Tex. R. App. P. 25.2(d).

 We note that appellant also waived his right to appeal in each case. See Buck
v. State, 45 S.W.3d 275, 278 (Tex. App.--Houston [1st Dist.] 2001, no pet.). Accordingly, we dismiss the appeal in each case for lack of jurisdiction.

 Any pending motions are denied as moot.

PER CURIAM


Panel consists of Justices Nuchia, Hanks, and Bland.

Do not publish. 

Tex. R. App. P. 47.2(b).