In The

Court of Appeals

For The

First District of Texas

____________


NOS. 01-07-00405-CR

 01-07-00406-CR

____________


ADAM LLOYD SHIELDS, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 180th District Court 

Harris County, Texas

Trial Court Cause Nos. 1088607 and 1070374






MEMORANDUM OPINION

 Appellant pleaded guilty to two separate felony offenses of burglary of a
habitation with intent to commit theft. Appellant also pleaded true to the
enhancement paragraph. In accordance with his plea bargain agreement with the
State, the trial court sentenced appellant to confinement for 8 years. Appellant filed
a timely pro se notice of appeal. We dismiss for lack of jurisdiction.

 In a plea-bargained case in which the punishment assessed does not exceed the
plea agreement, a defendant may appeal only those matters that were raised by written
motion filed and ruled on before trial, or after obtaining the trial court's permission
to appeal. Griffin v. State, 145 S.W.3d 645, 648-49 (Tex. Crim. App. 2004); Cooper
v. State, 45 S.W.3d 77, 80 (Tex. Crim. App. 2001); Tex. R. App. P. 25.2(a)(2).

 The trial court's certification of appellant's right to appeal in each case states
that this is a plea-bargained case and appellant has no right to appeal. The record
supports the correctness of the certifications. Dears v. State, 154 S.W.3d 610, 614-15
(Tex. Crim. App. 2005). We must dismiss an appeal if the trial court's certification
shows there is no right to appeal. See Tex. R. App. P. 25.2(d).

 We note that appellant also waived his right to appeal in each case. See Buck
v. State, 45 S.W.3d 275, 278 (Tex. App.--Houston [1st Dist.] 2001, no pet.).

 Accordingly, we dismiss the appeal in cause number 1088607 and in cause
number 1070373 for lack of jurisdiction.

 We deny any pending motions as moot.

PER CURIAM

Panel consists of Justices Nuchia, Hanks, and Bland.

Do not publish. Tex. R. App. P. 47.2(b).