Opinion issued December 20, 2007 









 









In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00412-CR
____________

EVERETT DALE WEBB, Appellant

V.

THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 21st District Court
Washington County, Texas
Trial Court Cause No. 14,692
 

 
 
MEMORANDUM OPINION
          Appellant, Everett Dale Webb, pleaded guilty to the offense of sexual assault,



and, in accordance with his plea bargain agreement with the State, the trial court
assessed his punishment at confinement for five years, suspended the sentence, and
placed appellant on community supervision for five years. Appellant filed a timely
pro se notice of appeal.
          In a plea-bargained case in which the punishment assessed does not exceed the
plea agreement, a defendant may appeal only those matters that were raised by written
motion filed and ruled on before trial, or after obtaining the trial court’s permission
to appeal. Tex. R. App. P. 25.2(a)(2); Griffin v. State, 145 S.W.3d 645, 648–49 (Tex.
Crim. App. 2004); Cooper v. State, 45 S.W.3d 77, 80 (Tex. Crim. App. 2001). The
trial court’s certification of appellant’s right to appeal in this case states that this is
a plea-bargained case and appellant has no right to appeal. The record supports the
correctness of the certification. Dears v. State, 153 S.W.3d 610, 614–15 (Tex. Crim.
App. 2005). We must dismiss an appeal if the trial court’s certification shows there
is no right to appeal. See Tex. R. App. P. 25.2(d).
          We note that appellant also waived his right to appeal. See Buck v. State, 45
S.W.3d 275, 278 (Tex. App.—Houston [1st Dist.] 2001, no pet.). 
          Accordingly, we dismiss the appeal for lack of jurisdiction.



PER CURIAM
Panel consists of Justices Nuchia, Jennings, and Keyes.
Do not publish. Tex. R. App. P. 47.2(b).