ACCEPTED
04-15-00592-CR
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
11/2/2015 1:57:06 PM
KEITH HOTTLE
CLERK

## NO. 04-15-00592-CR

IN THE COURT OF APPEALS
FOURTH COURT OF APPEALS DISTRICT OF TEXAS
AT SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
11/02/2015 1:57:06 PM
KEITH E. HOTTLE
Clerk

**DAVID DEVIN TREVINO**,
Appellant

v.

**THE STATE OF TEXAS**,
Appellee

## APPELLANT'S RESPONSE TO THE ORDER PROPOSING TO DISMISS THIS APPEAL FOR NO RIGHT OF APPEAL

TO THE HONORABLE COURT OF APPEALS:

Comes now DAVID DEVIN TREVINO, Appellant, by and through undersigned counsel, in reply to the order of this Honorable Court dated October 21, 2015, shows the Court the following:

I.    Procedural history:

Appellant was charged by indictment in cause number 2015CR4750 with theft, $1,500 - $20,000, alleged to have been committed in Bexar County, Texas, on or about April 2, 2014. (CR, 4).[1]

On August 31, 2015, pursuant to a written plea agreement with the State, Appellant pleaded nolo contendere to the underlying offense. (CR, 14-19, 20-33).

---

[1] A state jail felony, in violation of TEX. PENAL CODE §§ 31.03(a) & (b)(4)(A) (West 2011). The indictment also alleged unauthorized use of a vehicle, but the State did not proceed on that count.

As part of the plea agreement, Appellant waived the right of appeal in writing. (CR, 19). On September 3, 2015, the trial court, the Honorable Raymond Angelini, Senior Judge sitting by assignment, followed the terms of the plea agreement and sentenced Appellant to a term of two years of confinement in the Texas Department of Criminal Justice – State Jail Division, suspended and probated for four years, plus a fine of $1,500 and restitution in the amount of $8,158.54. (CR, 42-43). The trial court certified that this is a plea-bargain case, and Appellant has "NO right of appeal." (CR, 41). By his signature, Appellant acknowledged that he was informed that he has no right of appeal in this case. (CR, 41).

Appellant filed a notice of appeal, through counsel, on September 21, 2015. The notice of appeal referenced a motion to determine restitution filed by trial counsel. (CR, 47-48). On September 24, 2015, the trial court appointed the Bexar County Public Defender's Office to represent Appellant in this attempted appeal. (CR, 50).

II.     No right of appeal:

Appellant has no right of appeal. As noted above, Appellant pleaded nolo contendere to the charged offense pursuant to a written plea agreement with the State. (CR, 14-19). As part of the plea agreement, Appellant waived the right of appeal in writing. (CR, 19). The trial court certified that this is a plea-bargain case,

2

and Appellant has "NO right of appeal." (CR, 41). Appellant signed that notice. (CR, 41).

Rule 25.2(d) of the Texas Rules of Appellate Procedure provides, "The appeal must be dismissed if a certification that shows the defendant has a right of appeal has not been made part of the record under these rules." TEX. R. APP. P. 25.2(d). The undersigned attorney has reviewed documents including the electronic clerk's record of this case and can find no right of appeal for Appellant. *See* TEX. R. APP. P. 25.2(a)(2) (in a plea-bargain case where the sentence did not exceed the agreed-upon punishment, the defendant may appeal only: matters raised by written motion and ruled upon before trial; or after getting the trial court's permission to appeal). Therefore, this Court has no choice but to dismiss the appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006)(where defendant has no right to appeal after his plea bargain, dismissal of the appeal is required, with no inquiry by the appellate court into even possibly meritorious claims); *Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003)(a valid waiver of appeal will prevent a defendant from appealing without the consent of the trial court).

III.   Relief available to Appellant:

Mr. Trevino's issue relates to the restitution order. The pre-printed plea bargain agreement states "Restitution to be determined by the Court through Community Supervision office." Handwritten on the agreement, under "Other" is

the following: "Restitution if any to be paid before fine …." This agreement bears the date August 31, 2015. (CR, 19). The judgment states that Mr. Trevino was sentenced on September 3, 2015. (CR, 42-43). The certification of right of appeal is dated September 3, 2015 (CR, 14), as are the conditions of probation (CR, 37-41). The conditions state the amount of restitution as $8,158.54 (CR, 37). Condition No. 28 assesses a 180-day jail term, beginning September 3, 2015, and states "Defendant may be released early if restitution is paid." (CR, 39).[2]

On October 5, 2015, trial counsel timely filed a motion for new trial.[3] The motion complained of the trial court's limitation of cross-examination of the complainant, the denial of a pre-sentence investigation, the denial of allocution, and the denial of due process rights, all at the restitution/sentencing hearing. (Supp. CR, 3-15).

The plea bargain, the waiver of appeal, the certification of right of appeal, and the motion for new trial are all interconnected in this case. The plea bargain provided that restitution was to be determined by the probation department. The amount of restitution was determined, after the plea bargain was entered into but prior to sentencing. There is unpublished authority that such a plea bargain agreement is not appealable if the defendant was afforded the opportunity to have a

---

[2] There is a subtle but very real difference between this judgment recitation and the trial court's oral pronouncement: "I'm going to give him 180 days in the Bexar County Jail until that money is paid." (Supp. CR, 11). This is one of the bases for the motion for new trial.

[3] The motion was timely because the 30th day after sentenced, October 3, 2015, was a Saturday.

4

restitution hearing prior to sentencing. *Stretcher v. State*, No. 06-08-00233-CR, 2009 Tex. App. LEXIS 8558 at *8-*9, 2009 WL 3672882 (Tex. App. – Texarkana Nov. 6, 2009, no pet.)(mem. op., not designated for publication). The motion for new trial and its attachments makes it clear that Mr. Trevino had a restitution hearing prior to sentencing. (Supp. CR, 3-15). Therefore, the plea bargain is not appealable.

Furthermore, Mr. Trevino waived appeal. (CR, 19). A waiver of appeal made contemporaneously with a plea and before sentencing is binding. *Buck v. State*, 45 S.W.3d 275, 277-78 (Tex. App. – Houston [1st Dist.] 2001, no pet.).

The motion for new trial was timely filed and may still be heard and, if successful, lead to the relief sought by trial counsel. As the Court of Criminal Appeals has said, a valid, express waiver of appeal does not waive a defendant's right to file a motion for new trial. *Lundgren v. State*, 434 S.W.3d 594, 599-600 (Tex. Crim. App. 2014). That is the proper remedy rather than a direct appeal.

Although the Court of Appeals is required to dismiss this this appeal, Appellant may file an application for a writ of habeas corpus pursuant to article 11.072 of the Texas Code of Criminal Procedure, after the mandate is issued, if he does not get relief from his motion for new trial.

5

WHEREFORE, Appellant, by and through undersigned counsel, is compelled to concede that the Honorable Court of Appeals and must dismiss this appeal for the reasons stated above.

Respectfully submitted,


/s/ *Michael D. Robbins*
MICHAEL D. ROBBINS
Assistant Public Defender
Paul Elizondo Tower
101 W. Nueva St., Suite 370
San Antonio, Texas 78205
Bar No. 16984600
(210) 335-0701
FAX (210) 335-0707
mrobbins@bexar.org

ATTORNEY FOR APPELLANT

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing response has been emailed to the Bexar County District Attorney's Office, Appellate Division, Paul Elizondo Tower, 101 W. Nueva St., Suite 710, San Antonio, Texas 78205, on November 3, 2015.

/s/ *Michael D. Robbins*
MICHAEL D. ROBBINS
Assistant Public Defender