

# NUMBER 13-16-00624-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**JOSE MARTINEZ,**                                                                                              **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                                      **Appellee.**

---

### On appeal from the 319th District Court
### of Nueces County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Contreras, Longoria, and Hinojosa
### Memorandum Opinion by Justice Longoria

Appellant Jose Martinez appeals his conviction of burglary of a habitation, a second-degree felony. *See* TEX. PENAL CODE ANN. § 30.02(a)(1) (West, Westlaw through 2017 1st C.S.). By one issue, he argues the evidence was legally insufficient. We dismiss for want of jurisdiction.

## I.  BACKGROUND

Appellant was tried by a jury for the offense of burglary of a habitation.  *See* TEX. PENAL CODE ANN. § 30.02(a)(1).  On October 11, 2016, prior to trial, the trial court certified that appellant's case was not a plea bargain case and that appellant had the right to appeal.  After the jury delivered a guilty verdict, appellant waived his right to punishment by jury and agreed to assessment of punishment by the court.  At his punishment hearing on October 14, 2016, appellant signed a "Plea Agreement on Punishment."  As part of the signed plea agreement, appellant waived any pretrial motions as well as his right to appeal.  Appellant orally affirmed during sentencing that his plea was given voluntarily and that he understood that he would not be able to appeal the conviction or sentence.  The trial court followed the agreed upon recommendation, and appellant was sentenced to five-years' confinement in the Texas Department of Criminal Justice—Institutional Division.  The trial court did not file an updated certification of appellant's right to appeal.  Judgment was rendered and sentence was imposed on October 14, 2016.

On November 14, 2016, appellant filed his notice of appeal.  Appellate counsel was appointed, and this appeal followed.

## II.  DISCUSSION

The State raised two issues with appellant's appeal:  (1) whether we have jurisdiction to consider appellant's appeal, and (2) whether defendant waived his right to appeal.

### A.  Timely Notice of Appeal and Appellate Jurisdiction

The State raises the issue of whether we have jurisdiction to consider appellant's appeal because of appellant's late filing of his notice of appeal.

2

### 1. Applicable Law

A defendant must file notice of appeal within thirty days after sentence is imposed to vest the court of appeals with jurisdiction. *See* TEX. R. APP. P. 26.2(a)(1); *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (per curiam). If the last day of this thirty day period falls on a Saturday, Sunday, or legal holiday, the time period extends to the next day that is not a Saturday, Sunday, or legal holiday. TEX. R. APP. P. 4.1(2). An extension of time may be granted if a motion is filed, but cannot be granted by Texas Rule of Appellate Procedure 2. *See id.* R. 26.3; *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) (en banc). Amendments to Rule 2 have not changed this holding. *Slaton*, 981 S.W.2d at 210.

### 2. Analysis

Appellant's thirty day time period for filing notice of appeal ended on November 13, 2016. However, because November 13, 2016 was a Sunday, his notice of appeal was due November 14, 2016. *See* TEX. R. APP. P. 4.1(2). He filed his notice of appeal on November 14, 2016. As such, appellant's notice of appeal was timely filed.

## B. Waiver of Appellant's Right to Appeal

The State also raises the issue of whether appellant waived his right to appeal by entering into a plea bargain.

### 1. Applicable Law

In order for a defendant to appeal, the trial court must certify his right to appeal. TEX. R. APP. P. 25.2(d). Waiver of the right to appeal after conviction but before sentencing is binding. *See Blanco v. State*, 18 S.W.3d 218, 220 (Tex. Crim. App. 2000) (en banc); *see also Buck v. State*, 45 S.W.3d 275, 278 (Tex. App.—Houston [1st Dist.]

2001, no pet.) (holding that a pre-sentencing waiver conditioned on acceptance of a plea bargain is enforceable); *Salazar v. State*, No. 02-18-00004-CR, 2018 WL 1324487, at *1 (Tex. App.—Fort Worth Mar. 15, 2018, no pet.) (mem. op., not designated for publication). When a defendant enters into such an agreement voluntarily and with knowledge of the consequences, it is "not unfair" to expect the defendant to live with the consequences. *Blanco*, 18 S.W.3d at 220.

### 2. Analysis

Prior to trial, the trial court certified appellant's right to appeal. *See* Tex. R. App. P. 25.2(d). However, upon conviction and prior to the punishment hearing, appellant signed a plea bargain indicating, both in writing and orally, that he waived his right to appeal and that he understood his voluntary decision to do so. Pursuant to his waiver of the right to appeal, the trial court did not recertify his right to appeal. Appellant has not raised any reason why the plea bargain and subsequent waiver should not be upheld. We conclude that appellant's waiver of his right to appeal is enforceable. *See id.*

### III. CONCLUSION

We dismiss the appeal for want of jurisdiction.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
21st day of June, 2018.

4