Opinion issued April 6, 2006



               













In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-06-00132-CR
____________

JOSEPH LAJAUAN JAMES, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 262ndth District Court
Harris County, Texas
Trial Court Cause No. 1054430



 
MEMORANDUM OPINION
               Appellant pleaded guilty to the felony offense of possession of a controlled
substance and pleaded true to two enhancement paragraphs. In accordance with his
plea bargain agreement with the state, the trial court sentenced appellant to
confinement for two years. Appellant filed a timely pro se notice of appeal 

               In a plea-bargained case in which the punishment assessed does not exceed
the plea agreement, a defendant may appeal only those matters that were raised by
written motion filed and ruled on before trial, or after obtaining the trial court’s
permission to appeal. Griffin v. State, 145 S.W.3d 645, 648-49 (Tex. Crim. App.
2004); Cooper v. State, 45 S.W.3d 77, 80 (Tex. Crim. App. 2001); Tex. R. App. P.
25.2(a)(2).

               The trial court’s certification of appellant’s right to appeal in this case states
that this is a plea-bargained case and appellant has no right to appeal. The record
supports the correctness of the certification. Dears v. State, 154 S.W.3d 610, 614-15
(Tex. Crim. App. 2005). We must dismiss an appeal if the trial court’s certification
shows there is no right to appeal. See Tex. R. App. P. 25.2(d).

               We note that appellant also waived his right to appeal. See Buck v. State,
45 S.W.3d 275, 278 (Tex. App.—Houston [1st Dist.] 2001, no pet.).

               Accordingly, we dismiss the appeal for lack of jurisdiction.

 All pending motions are dismissed as moot.

PER CURIAM

Panel consists of Justices Nuchia, Keyes, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).