In The
Court of Appeals
For The
First District of Texas
____________

NOS. 01-05-00656-CR
          01-05-00657-CR
____________

ESTEBAN PEREZ, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 351st District Court
Harris County, Texas
Trial Court Cause Nos. 1006913 and 1005942



 
MEMORANDUM OPINION
          Appellant pleaded guilty to two separate felony offenses of aggravated sexual
assault of a child and, in accordance with a plea bargain agreements with the State,
the trial court sentenced appellant to confinement in each case for 10 years. 
Appellant filed a timely pro se notice of appeal in each case.

          In a plea-bargained case in which the punishment assessed does not exceed the
plea agreement, a defendant may appeal only those matters that were raised by written
motion filed and ruled on before trial, or after obtaining the trial court’s permission
to appeal. Tex. R. App. P. 25.2(a)(2); Griffin v. State, 145 S.W.3d 645, 648-49 (Tex.
Crim. App. 2004); Cooper v. State, 45 S.W.3d 77, 80 (Tex. Crim. App. 2001).

          The trial court’s certification of appellant’s right to appeal in each case states
that this is a plea-bargained case and appellant has no right to appeal. The record
supports the correctness of the certification. Dears v. State, 154 S.W.3d 610, 614-15
(Tex. Crim. App. 2005). We must dismiss an appeal if the trial court’s certification
shows there is no right to appeal. See Tex. R. App. P. 25.2(d).

          We note that appellant also in each case waived his right to appeal. See Buck
v. State, 45 S.W.3d 275, 278 (Tex. App.—Houston [1st Dist.] 2001, no pet.).

          Accordingly, we dismiss the appeals for lack of jurisdiction.

 All pending motions are dismissed as moot.

PER CURIAM

Panel consists of Justices Taft, Higley, and Bland.

Do not publish. Tex. R. App. P. 47.2(b).