In The
Court of Appeals
For The
First District of Texas
____________

NOS. 01-06-00559-CR
          01-06-00574-CR
____________

MARQUETTE LAVELL JONES, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Cause Nos. 1068604 and 1068607 



 
MEMORANDUM OPINION
          Appellant, Marquette Lavell Jones pleaded guilty to two separate offenses of
possession of a controlled substance and in accordance with a plea bargain agreement
with the State, the trial court sentenced appellant to confinement for two years in each
case. Appellant filed a timely pro se notices of appeal 
                    In a plea-bargained case in which the punishment assessed does not
exceed the plea agreement, a defendant may appeal only those matters that were
raised by written motion filed and ruled on before trial, or after obtaining the trial
court’s permission to appeal. Tex. R. App. P. 25.2(a)(2); Griffin v. State, 145 S.W.3d
645, 648-49 (Tex. Crim. App. 2004); Cooper v. State, 45 S.W.3d 77, 80 (Tex. Crim.
App. 2001).
          The trial court’s certification of appellant’s right to appeal in each case states
that this is a plea-bargained case and appellant has no right to appeal. The record in
each case supports the correctness of the certification. Dears v. State, 154 S.W.3d
610, 614-15 (Tex. Crim. App. 2005). We must dismiss an appeal if the trial court’s
certification shows there is no right to appeal. See Tex. R. App. P. 25.2(d).
          We note that appellant in each case also waived his right to appeal. See Buck
v. State, 45 S.W.3d 275, 278 (Tex. App.—Houston [1st Dist.] 2001, no pet.).
          Accordingly, we dismiss the appeals for lack of jurisdiction.
 All pending motions are dismissed as moot.
PER CURIAM
Panel consists of Chief Justice Radack, and Justices Taft and Nuchia.
Do not publish. Tex. R. App. P. 47.2(b).