In The
Court of Appeals
For The
First District of Texas
____________

NOS. 01-06-00685-CR
          01-06-00686-CR
____________

JOHNNY RAY JOYCE, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 180th District Court
Harris County, Texas
Trial Court Cause Nos. 1067147 and 1067148



 
MEMORANDUM OPINION
               Appellant, Johnny Ray Joyce, pleaded guilty to the state jail felony offenses
of evading arrest and unauthorized use of a motor vehicle and, in accordance with his
plea bargain agreements with the State, the trial court sentenced appellant to
confinement for two years in each case. Appellant filed a timely pro se notice of
appeal 

               In a plea-bargained case in which the punishment assessed does not exceed
the plea agreement, a defendant may appeal only those matters that were raised by
written motion filed and ruled on before trial, or after obtaining the trial court’s
permission to appeal. Tex. R. App. P. 25.2(a)(2); Griffin v. State, 145 S.W.3d 645,
648-49 (Tex. Crim. App. 2004); Cooper v. State, 45 S.W.3d 77, 80 (Tex. Crim. App.
2001).

               The trial court’s certification of appellant’s right to appeal in each case
states that this is a plea-bargained case and appellant has no right to appeal. The
record supports the correctness of the certification. Dears v. State, 154 S.W.3d 610,
614-15 (Tex. Crim. App. 2005). We must dismiss an appeal if the trial court’s
certification shows there is no right to appeal. See Tex. R. App. P. 25.2(d).

               We note that appellant also waived his right to appeal in each case. See
Buck v. State, 45 S.W.3d 275, 278 (Tex. App.—Houston [1st Dist.] 2001, no pet.).

               Accordingly, we dismiss the appeals for lack of jurisdiction.

 All pending motions are dismissed as moot.

PER CURIAM

Panel consists of Chief Justice Radack, and Justices Taft and Nuchia.

Do not publish. Tex. R. App. P. 47.2(b).