In The
Court of Appeals
For The
First District of Texas
____________

NOS. 01-06-00863-CR
          01-06-00864-CR
____________

MINH NGOC NGUYEN, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 240th District Court
Fort Bend County, Texas
Trial Court Cause Nos. 40393 and 40394



 
MEMORANDUM OPINION
               Appellant, Ming Ngoc Nguyen, pleaded guilty to two separate felony
offenses of aggravated assault, and in accordance with his plea bargain agreements
with the State, the trial court sentenced appellant to confinement in trial court cause
number 40394 for 20 years and in trial court cause number 40393 to 15 years. 
Appellant filed timely notices of appeal. We dismiss these appeals for lack of
jurisdiction.

               In a plea-bargained case in which the punishment assessed does not exceed
the plea agreement, a defendant may appeal only those matters that were raised by
written motion filed and ruled on before trial, or after obtaining the trial court’s
permission to appeal. Griffin v. State, 145 S.W.3d 645, 648-49 (Tex. Crim. App.
2004); Cooper v. State, 45 S.W.3d 77, 80 (Tex. Crim. App. 2001); Tex. R. App. P.
25.2(a)(2).

               The trial court’s certification of appellant’s right to appeal in this case states
that this is a plea-bargained case and appellant has no right to appeal. The record
supports the correctness of the certification. Dears v. State, 154 S.W.3d 610, 614-15
(Tex. Crim. App. 2005). We must dismiss an appeal if the trial court’s certification
shows there is no right to appeal. See Tex. R. App. P. 25.2(d).

               We note that appellant also waived his right to appeal in each case. See
Buck v. State, 45 S.W.3d 275, 278 (Tex. App.—Houston [1st Dist.] 2001, no pet.).
               Accordingly, we dismiss these appeals for lack of jurisdiction.
 
PER CURIAM
 
Panel consists of Justices Nuchia, Jennings, and Higley.
Do not publish. Tex. R. App. P. 47.2(b).