In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-06-00992-CR

____________


SHAWNTEL MARIE WILLIAMS, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 183rd District Court 

Harris County, Texas

Trial Court Cause No. 1083555






MEMORANDUM OPINION

 Appellant pleaded guilty to the state jail felony offense of possession of a
controlled substance and, and in accordance with her plea bargain agreement with the
State, the trial court sentenced appellant to confinement for six months. Appellant
filed a timely notice of appeal. We dismiss for lack of jurisdiction.

 In a plea-bargained case in which the punishment assessed does not exceed
the plea agreement, a defendant may appeal only those matters that were raised by
written motion filed and ruled on before trial, or after obtaining the trial court's
permission to appeal. Griffin v. State, 145 S.W.3d 645, 648-49 (Tex. Crim. App.
2004); Cooper v. State, 45 S.W.3d 77, 80 (Tex. Crim. App. 2001); Tex. R. App. P.
25.2(a)(2).

 The trial court's certification of appellant's right to appeal in this case states
that this is a plea-bargained case and appellant has no right to appeal. The record
supports the correctness of the certification. Dears v. State, 154 S.W.3d 610, 614-15
(Tex. Crim. App. 2005). We must dismiss an appeal if the trial court's certification
shows there is no right to appeal. See Tex. R. App. P. 25.2(d).

 We note that appellant also waived her right to appeal. See Buck v. State,
45 S.W.3d 275, 278 (Tex. App.--Houston [1st Dist.] 2001, no pet.). Accordingly, we dismiss the appeal for lack of jurisdiction.


PER CURIAM

Panel consists of Justices Taft, Hanks, and Alcala.

Do not publish. Tex. R. App. P. 47.2(b).