In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-07-00020-CR

____________


LUIS ENRIQUE COURT, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 262nd District Court

Harris County, Texas

Trial Court Cause No. 1060574






MEMORANDUM OPINION

 Appellant pleaded guilty to the second degree felony offense of possession of
a controlled substance and, in accordance with his plea bargain agreement with the
State, the trial court sentenced appellant to confinement for two years. Appellant
filed a timely notice of appeal. We dismiss for lack of jurisdiction.

 In a plea-bargained case in which the punishment assessed does not exceed the
plea agreement, a defendant may appeal only those matters that were raised by written
motion filed and ruled on before trial, or after obtaining the trial court's permission
to appeal. Griffin v. State, 145 S.W.3d 645, 648-49 (Tex. Crim. App. 2004); Cooper
v. State, 45 S.W.3d 77, 80 (Tex. Crim. App. 2001); Tex. R. App. P. 25.2(a)(2). The
trial court did not give permission to appeal.

 Additionally, the record reflects that the appellant waived his right to appeal. 
See Buck v. State, 45 S.W.3d 275, 278 (Tex. App.--Houston [1st Dist.] 2001, no
pet.). The trial court's certification of appellant's right to appeal in this case states
that the appellant has waived the right to appeal. The record supports the correctness
of the certification. Dears v. State, 154 S.W.3d 610, 614-15 (Tex. Crim. App. 2005). 
We must dismiss an appeal if the trial court's certification shows there is no right to
appeal. See Tex. R. App. P. 25.2(d).

 Accordingly, we dismiss the appeal for lack of jurisdiction. 

 Any pending motions are denied as moot.

PER CURIAM

Panel consists of Justices Taft, Alcala, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).