In The

Court of Appeals

For The

First District of Texas


____________


NOS. 01-07-00140-CR

 01-07-00141-CR

____________


LUIS GERARDO MORENO, JR., Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 339th District Court

Harris County, Texas

Trial Court Cause Nos. 1082464 and 936462






MEMORANDUM OPINION

 Appellant pleaded guilty to the felony offenses of aggravated robbery and
aggravated sexual assault of a child, and in accordance with his plea bargain
agreement with the State, the trial court sentenced appellant to confinement in each
case for 10 years. Appellant filed timely notices of appeal. We dismiss for lack of
jurisdiction.

 In a plea-bargained case in which the punishment assessed does not exceed the
plea agreement, a defendant may appeal only those matters that were raised by written
motion filed and ruled on before trial, or after obtaining the trial court's permission
to appeal. Griffin v. State, 145 S.W.3d 645, 648-49 (Tex. Crim. App. 2004); Cooper
v. State, 45 S.W.3d 77, 80 (Tex. Crim. App. 2001); Tex. R. App. P. 25.2(a)(2).

 The trial court's certification of appellant's right to appeal in each case states
that this is a plea-bargained case and appellant has no right to appeal. The record
supports the correctness of the certification. Dears v. State, 154 S.W.3d 610, 614-15
(Tex. Crim. App. 2005). We must dismiss an appeal if the trial court's certification
shows there is no right to appeal. See Tex. R. App. P. 25.2(d).

 We note that appellant also waived his right to appeal in each case. See Buck
v. State, 45 S.W.3d 275, 278 (Tex. App.--Houston [1st Dist.] 2001, no pet.).

 Accordingly, we dismiss the appeals in cause numbers 1082464 and 936462
for lack of jurisdiction.

 Any pending motions are denied as moot.

PER CURIAM

Panel consists of Chief Justice Radack, and Justices Keyes and Higley.

Do not publish. Tex. R. App. P. 47.2(b).