In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-07-00416-CR

____________


EARL P. POPHAM, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 230th District Court 

Harris County, Texas

Trial Court Cause No. 1110268






MEMORANDUM OPINION

 Appellant, Earl P. Popham, pleaded guilty to the offense of possession of a
controlled substance and pleaded true to two enhancement paragraphs. In accordance
with his plea bargain agreement with the State, the trial court sentenced appellant to
confinement for two years. Appellant filed a timely notice of appeal. We dismiss for
lack of jurisdiction.

 In a plea-bargained case in which the punishment assessed does not exceed the
plea agreement, a defendant may appeal only those matters that were raised by written
motion filed and ruled on before trial, or after obtaining the trial court's permission
to appeal. Tex. R. App. P. 25.2(a)(2); Griffin v. State, 145 S.W.3d 645, 648-49 (Tex.
Crim. App. 2004); Cooper v. State, 45 S.W.3d 77, 80 (Tex. Crim. App. 2001).

 The trial court's certification of appellant's right to appeal in this case states
that this is a plea-bargained case and appellant has no right to appeal. The record
supports the correctness of the certification. Dears v. State, 154 S.W.3d 610, 614-15
(Tex. Crim. App. 2005). We must dismiss an appeal if the trial court's certification
shows there is no right to appeal. See Tex. R. App. P. 25.2(d).

 We note that appellant also waived his right to appeal. See Buck v. State, 45
S.W.3d 275, 278 (Tex. App.--Houston [1st Dist.] 2001, no pet.). Accordingly, we dismiss the appeal for lack of jurisdiction.

 We dismiss any pending motions as moot.

PER CURIAM


Panel consists of Chief Justice Radack, and Justices Keyes and Higley.

Do not publish. 

Tex. R. App. P. 47.2(b).