In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-07-00407-CR

____________


JOHN MICHAEL WARREN, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 262nd District Court 

Harris County, Texas

Trial Court Cause No. 1111501






MEMORANDUM OPINION

 Appellant pleaded guilty to the offense of aggravated assault and, in
accordance with his plea bargain agreement with the State, the trial court sentenced
appellant to confinement for four years. Appellant filed a timely pro se notice of
appeal. We dismiss for lack of jurisdiction.

 In a plea-bargained case in which the punishment assessed does not exceed the
plea agreement, a defendant may appeal only those matters that were raised by written
motion filed and ruled on before trial, or after obtaining the trial court's permission
to appeal. Griffin v. State, 145 S.W.3d 645, 648-49 (Tex. Crim. App. 2004); Cooper
v. State, 45 S.W.3d 77, 80 (Tex. Crim. App. 2001); Tex. R. App. P. 25.2(a)(2).

 We note that appellant also waived his right to appeal. See Buck v. State, 45
S.W.3d 275, 278 (Tex. App.--Houston [1st Dist.] 2001, no pet.).

 The trial court's certification of appellant's right to appeal in this case states
the defendant has waived the right to appeal. The record supports the correctness of
the certification. Dears v. State, 154 S.W.3d 610, 614-15 (Tex. Crim. App. 2005). 
We must dismiss an appeal if the trial court's certification shows there is no right to
appeal. See Tex. R. App. P. 25.2(d).

 Accordingly, we dismiss the appeal for lack of jurisdiction.

 We deny any pending motions as moot.

PER CURIAM


Panel consists of Chief Justice Radack, and Justices Keyes and Higley.

Do not publish. 

Tex. R. App. P. 47.2(b).